Bkevakd, J.
I am of opinion the motion, in this case, ought not to prevail. It is perfectly certain that Jacob Naves was unlawfully put to death, and that the prisoner, John Sisson, was the perpetrator of the homicide. The circumstances under which the homicide appear to have been committed, fully warrant the verdict of the-jury.
The charge of the judge delivered to the jury on the trial, as it has been stated by him, was correct, as to the legal principles laid down and explained, and cautiously guarded, as it went to affect the life of the prisoner on trial. If the shooting with a pistol was not intended to kill or wound the deceased, which, however, appears most probable, all circumstances considered, it must have been done, at any rate, to terrify him. This was a wanton, unlawful, and dangerous act; and appears to have been committed without any care or precaution to guard against the mischief which ensued. That the instrument with which the mischief was done, was a dangerous instrument, and likely to occasion death, is evinced by the consequences produced by it. It is not like striking with a stick, not likely to produce that effect. Shooting at a man with a .gun, or pistol, if it bo loaded with powder and ball, must, on all *60 occasions, be held dangerous, if the person shot at be within a distance to which the instrument will carry a ball.
The circumstances of this case afford evidence of express ma. lice.. But, at all events, they evidence strong indications of a hard unfeeling heart, utterly depraved, and insensible to the dictates of social duty, and the calls of humanity.
I am disposed to believe, from the evidence which has been stated and Explained by the judge who presided at the trial, that the prisoner intended the destruction of the deceased ; and that the jury were well warranted in drawing that conclusion from the evidence. But if that were doubtful, still they were clearly authorized in the conclusion which they did draw, that the prisoner was guilty of murder, on the ground that it was a homicide committed willingly and wantonly, with an improper motive, in the commission of a dangerous and unlawful act, the probable consequences of which, was such as did eventuate ; and that these circumstances supplied that malice, by implication or intendment of law, which is a necessary ingredient to constitute the crime of murder.
Authorities cited by counsel in the argument — 2 East. Cro. L. 263. 1 Stra. 481. M’Nally’s Ev. Fort. 256. 1 East. C. L. 218. 2 East. C. L. 236.
The court, unanimously, rejected the motion.